J. B. Inderrieden Company, Appellant, v. (Owen V. Allen et al.) Walter A. Frost et al., Appellees.

### Gen. No. 15,128.

GARNISHMENT—*when garnishee should be required to answer.* If an attachment suit is instituted and an affidavit in attachment filed pursuant to section 7 of the Attachment Act, in which it is alleged that certain individuals as co-partners are indebted to the plaintiff and in which there is set up a statutory ground of attachment against one of such individuals, a garnishee served under a writ issued in such case against such individual, should be required to answer.

Attachment. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed May 19, 1910.

PECKHAM, PACKARD, ApMADOC & WALSH, for appellant.

J. D. WOLEY, for appellees; FERGUSON & GOODNOW, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Sections 7 and 21 of the Attachment Act are as follows:

"Sec. 7. In all cases where two or more persons are jointly indebted, either as partners or otherwise, and an affidavit shall be filed as provided in the first section of this act, so as to bring one or more of such joint debtors within its provisions, and amenable to the process of attachment, then the writ of attachment shall issue against the property and effects of such as

are so brought within the provisions of this act; and the officer shall be also directed in said writ to summon all joint debtors named in the affidavit filed in the case, whether the attachment is against them or not, to answer to the said action, as in other cases of joint defendants.''

"Sec. 21. When the sheriff or other officer is unable to find property of any defendant, sufficient to satisfy any attachment issued under the provisions of this act, he shall summon the persons mentioned in such writ as garnishees, and all other persons within his county whom the creditor shall designate as having any property, effects, choses in action or credits, in their possession or power, belonging to the defendant, or who are in any wise indebted to such defendant, the same as if their names had been inserted in such writ; the persons so summoned shall be considered as garnishees, and the sheriff shall state, in his return, the names of all persons so summoned, and the date of such service on each."

Pursuant to the provisions of said section 7 plaintiff filed an affidavit in attachment, alleging that Owen V. Allen, Henry P. Allen, Oscar H. Allen and William G. Allen, co-partners, were indebted to the plaintiff in the sum of $3,000 for, etc., and alleging a statutory ground of attachment against William G. Allen alone. Plaintiff gave a bond to William G. Allen and a writ was issued in accordance with the provisions of said section. Pursuant to the commands of the writ the sheriff summoned the appellees here, Walter A. Frost and the First National Bank of Chicago, as garnishees, but the writ was not served on any one of the defendants. Plaintiff filed a declaration against all of the defendants and gave notice as required by the statute by publication to William G. Allen, impleaded, etc., and afterwards took judgment for $3,000 against William G. Allen alone. Prior to taking judgment plaintiff filed interrogatories to said garnishees, inquiring of them concerning the funds and estate of William G. Allen

alone. The garnishees each moved to strike said interrogatories from the files, substantially on the ground that they sought a discovery of the funds and estate of William G. Allen alone in their hands, and not of the funds and estate of the four defendants named in the writ and declaration as defendants. The court sustained the motion, struck said interrogatories from the files and ruled the plaintiff to file amended interrogatories in five days. Afterwards, the plaintiff failing to file further interrogatories, the garnishees were discharged and a judgment entered that they go without day, etc., and from that judgment the plaintiff prosecutes this appeal.

The question here presented is not whether by virtue of an attachment against one of four copartners, issued in an action brought against all, a debt due from a garnishee to the copartnership can be reached; but is whether a debt, from a garnishee to the defendant against whom the writ of attachment issued, can be reached. The garnishees were interrogated as to debts, dues, etc., to William G. Allen alone. On the attachment writ the separate property of William G. Allen might have been taken, and it is, we think, immaterial whether his separate property was in the form of property which might be taken on the writ, or in the form of property or credits that could only be reached by garnishment. It is enough, we think, that a garnishee was, when served with process, indebted to the defendant in the attachment or had property or effects in his possession belonging to such defendant. Drake on Attachment, sec. 378.

We see no reason why the garnishees should not have been compelled to answer the interrogatories, and the order quashing the interrogatories and the judgment in favor of the garnishees will be reversed and the cause remanded.

*Reversed and remanded.*